RACHEL VAN HOUTEN

*v.*

JOSEPH C. HALL et al.

[Decided July 25th, 1906.]

1. Where a will provided that in case of the death of a life tenant leaving issue the property should go to his children, but otherwise should be equally divided between specified persons, they took a vested interest upon the death of testatrix, subject to its being devested in case the life tenant should die leaving issue.

2. Where a will provided that on the death of a life tenant without issue the property should be divided between a daughter, and, "if she be dead, her children," and the child or children of another, the children of the daughter and the devisee of a child of the other took *per stirpes.*

On bill, answers and proofs, and for distribution of residue of the estate of Rachel Van Houten, deceased.

The will of Rachel Van Houten contains the following devise:

"I give the remaining one-third of the said residue to my grandson, the said Adrain Post, and if he shall die leaving children, then to his children, but if he shall die without issue, then I give the one-half thereof to Elizabeth Hall, and the other one-half to be equally divided between Caty, and if she be dead, her children, and the child or children of George in fee."

The testatrix died in 1863, leaving two children, Catherine, called "Caty" in the will, and George, and two grandchildren, Adrain Post and Elizabeth, the children of her deceased son, John.

The estate was not to be divided until the death of George, the income of one-third to be paid to him, of another third to Caty, and of the remaining third to Adrain Post, or to his children if he should die before George,

"but if he shall die without issue, then I give one-half of said income to the said Elizabeth Hall, and the other half to be divided equally between Caty and George."

The will further provides that at the death of George, one-third of the estate should be paid to Catherine, another third to the child or children of George, and the remaining third was disposed of by the paragraph first above set out.

George died in 1884, and the estate was then divided, one-third to Catherine, one-third to William H. Post, the only child of George, and one-third, being the fund now in controversy, was held for the benefit, during life, of Adrain, this court having determined that he took only a life estate. *Post* v. *Van Houten, 41 N. J. Eq. (14 Stew.) 82.*

Catherine Van Houten died in 1897, leaving children— Rachel, the complainant; John, Mary and Aaron, and Henry, who died intestate, unmarried, and without leaving issue, and one grandchild, Catherine Post Van Houten, a daughter of Catherine's son, George, who died in 1903 intestate.

Adrain died in November, 1905, without issue. William H. Post, the only child of George, the brother of Catherine, died before Adrain, leaving a last will, in which he devised all his property to Catherine A. Peck.

The question presented is, Do the children of Catherine and the devisee of William H. Post take the one-half of the residue given over in the event of the death of Adrain without issue as a class *per capita,* or is it to be distributed *per stirpes?*

*Mr. Preston Stevenson,* for the complainant.

*Mr. Robert Williams,* for Catherine A. Peck.

*Messrs. Griggs & Harding,* for Abram Van Houten.

*Mr. Joseph P. Osborne,* for M. H. Van Houten et al.

BERGEN, V. C.

Assuming that the bequest to Caty and the children of George was to a class, and that Caty, if living, would have taken *per capita* with the children of George, I am nevertheless of the opinion that under the language used the children of Caty take as substitutes for their mother, and only such share as she would have taken if alive at the period of distribution. The gift was not to her and her children. Consequently they formed no part of those first entitled. They could, in no event, participate with their mother, and could only acquire an interest should their mother die before distribution.

The class of donees intended by the testatrix, if any, consisted of Caty and the children of George. They took a vested interest upon the death of the testatrix, subject to its being devested should the life tenant die leaving issue. The testatrix did not create a class which included Caty's children as original parties, for if the mother had been alive when Adrain died she would have taken, to the exclusion of her children.

The gift was not conjunctive, but disjunctive; not to Caty and her children, but to her, or her children if she was not alive when distribution was made. A gift to two or more persons or

their children is substitutional, and the children take only their parents' share. *Bartine* v. *Davis, 60 N. J. Eq. (15 Dick.) 202.* The trustees will be advised that the fund is to be distributed *per stirpes* between the children of Caty and the representative of the child of George. The fees of the trustees and other expenses incident to the distribution of the fund will be settled when the decree is handed up for advisement.